**Gerald SARMENTO, Plaintiff—
Appellant,**

v.

**HENRY SCHEIN, INC., Defendant—
Appellee.**

No. 06–15258.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Dec. 27, 2007.

Anne M. Vohl, Esq., Reno, NV, for Plaintiff–Appellant.

John P. Desmond, Jones Vargas, Reno, NV, Charles W. Pautsch, Esq., Mark J. Goldstein, Esq., Kelly J. Klick, Wessels & Pautsch, P.C., Milwaukee, WI, for Defendant–Appellee.

Before: FARRIS, BEEZER, and THOMAS, Circuit Judges.

MEMORANDUM *

Gerald Sarmento appeals the district court's grant of summary judgment in favor of Henry Schein, Inc. on his Americans with Disabilities Act claims. Sarmento contends that genuine issues of material fact exist as to whether he has made a prima facie showing that he is "disabled" under the ADA. We review a grant of summary judgment de novo. *Walton v. U.S. Marshals Serv.,* 492 F.3d 998, 1011 (9th Cir.2007). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Sarmento contends that he is disabled under all three definitions of "disability" in the ADA. *See* 42 U.S.C. § 12102(2)(A)–(C). The record fails to support Sarmento's assertion.

■ There is no genuine issue of material fact as to whether Sarmento was "disabled," though he suffered from lifting restrictions as a result of a back injury. *See* 42 U.S.C. § 12102(2)(A). We have previously determined that a lifting restriction impairing an employee's ability to work only one particular job is not "substantially limiting" and therefore not a "disability" under § 12102(2)(A). *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 540–41 (9th Cir.1997). Sarmento's "inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i); *see Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

There is no genuine issue of material fact as to whether Sarmento has a record of disability. *See* 42 U.S.C. § 12102(2)(B). He does not have a "history of" nor has he been "misclassified as having, a substantially limiting impairment." *Walton*, 492 F.3d at 1011 (citing 29 C.F.R. § 1630.2(k)). Schein's records reflect nothing more than weight lifting, bending, and pushing restrictions. Even considered in conjunction with his past neck injury and heart surgery, the lifting restrictions do not constitute substantial limitations on the major life activity of work. *See Thompson*, 121 F.3d at 540–41.

The record reflects that Sarmento is simply unable to meet a particular job performance standard. *See Walton*, 492 F.3d at 1006 (citing *Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 524, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999)). There is no evidence in the record that Sarmento was "regarded as" having an ADA-qualifying impairment. 42 U.S.C. § 12102(2)(C). These lifting restrictions do not constitute substantial limitations on the major life activity of work. *See Thompson*, 121 F.3d at 540–41.

Since Sarmento is not "disabled" under the ADA, we do not reach his other ADA-related claims.

**AFFIRMED.**